UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                        Case No. 17-cr-20657
                                        Hon. Matthew F. Leitman

D1, TAVARAS WARREN,

    Defendant.

_____/

## ORDER (1) DENYING DEFENDANT'S MOTION TO VACATE SENTENCE (ECF No. 116) AND (2) DENYING DEFENDANT A CERTIFICATE OF APPEALABILITY

On March 27, 2019, Defendant Tavaras Warren appeared before the Court and pleaded guilty to committing a Hobbs Act robbery in violation of 18 U.S.C. § 1951 and to discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (*See* Plea Agreement, ECF No. 91.) The Hobbs Act robbery was the crime of violence underlying Warren's Section 924(c) offense. (*See id*.) Warren acknowledged that he personally committed (and/or at a minimum, aided and abetted the commission of) the Hobbs Act robbery. (*See id*.)

On June 27, 2019, the Court sentenced Warren to 20 months in prison on the Hobbs Act robbery conviction and 120 months on the firearm discharge conviction, to be served consecutively to the 20-month sentence for the robbery conviction. (*See*

1

Judgment, ECF No. 98.)  Warren did not file a direct appeal of his convictions or sentence.

On June 18, 2020, Warren filed a motion to vacate his sentence under 28 U.S.C. § 2255. (*See* Mot., ECF No. 116.)  Warren argues that his Section 924(c) conviction can no longer stand in light of the Supreme Court's decision in *United States v. Davis,* __ U.S. __ , 139 S.Ct. 2319 (2019).  More specifically, he contends that after *Davis*, neither Hobbs Act robbery nor aiding and abetting a Hobbs Act robbery is a "crime of violence" that may support a conviction under Section 924(c).  He also argues that his attorney was ineffective for failing to challenge his Section 924(c) conviction under *Davis*.  Warren is not entitled to relief on either ground.  As described below, Warren's argument is foreclosed by binding Sixth Circuit precedent.

At the time of Warren's conviction, Section 924(c) defined a "crime of violence" in two ways:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A) and (B). The first definition is known and the "elements clause" while the second definition is known as the "residual clause." *See United States v. Richardson*, 948 F.3d 733, 741-43 (6th Cir. 2020).

In *Davis*, the Supreme Court held that the "residual clause" was void for vagueness, but the Supreme Court left "intact" the "elements clause." *Id.* at 741 (describing holding in *Davis*). Thus, even after *Davis*, an offense qualifies as a "crime of violence" for purposes of Section 924(c) if it satisfies the "elements clause." *See id.* And the Sixth Circuit has squarely held that the crime of Hobbs Act robbery satisfies the "elements clause." *See United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017). That holding survived *Davis* because *Davis* concerned only the "residual clause." *See Richardson*, 948 F.3d at 741 (confirming that *Gooch* remains good law after *Davis*). Likewise, the Sixth Circuit has held (after *Davis*) that aiding and abetting a Hobbs Act robbery is a "crime of violence" under the elements clause. *Id.* at 741-42.

Since Warren's Hobbs Act robbery conviction satisfies the "elements clause," it remains a "crime of violence" even after *Davis*, and Warren is therefore not entitled to relief based upon *Davis*. And Warren's counsel was not ineffective for failing to challenge Warren's conviction under Davis because such a challenge would have been futile. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) (explaining that defense counsel's failure to raise a futile argument is not deficient

3

performance). Accordingly, Warren's motion for relief from his sentence is **DENIED**.

Warren may not appeal the Court's decision unless the Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is met when "reasonable jurists could debate whether ... the petition should have been resolved in a different manner." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, reasonable jurists would not debate the Court's conclusions that Warren's Hobbs Act robbery conviction is a "crime of violence," that Warren's attorney was not ineffective, and that Warren is therefore not entitled to the relief he seeks. Thus, the Court **DENIES** Warren a certificate of appealability.

**IT IS SO ORDERED**.

Dated: September 30, 2020

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764