UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                       Case No. 17-cv-20657-1

v.                              Hon. Matthew F. Leitman

D1, TAVARAS WARREN,

    Defendant.

_____/

### ORDER (1) DENYING DEFENDANT'S MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR A REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (ECF Nos. 173, 175, 176) AND (2) DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER AMENDMENT 821 (ECF No. 174)

In March of 2019, Defendant Tavaras Warren pleaded guilty in this Court to committing a Hobbs Act robbery in violation of 18 U.S.C. § 1951 and to discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (*See* Rule 11 Plea Agreement, ECF No. 91.)  Warren acknowledged that he and another individual had robbed a drug dealer at gunpoint and that he had shot the victim in the commission of the robbery. (*See id.*, PageID.576-577.)

On June 27, 2019, the Court sentenced Warren to 20 months in prison on the Hobbs Act robbery conviction and 120 months in prison on the firearm discharge conviction, to be served consecutively to the 20-month sentence for the robbery

1

conviction. (*See* Judgment, ECF No. 98.)  Both of these sentences were to be served consecutively to a sentence of a 60-month term of incarceration imposed on Warren in a related criminal case. (*See id.*; Judgment, E.D. Mich. Case No. 18-cr-20269, ECF No. 25.)

Now before the Court are four motions filed by Warren: (1) two motions, which appear to be identical, for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and for the appointment of counsel (*see* Mots., ECF Nos. 173, 175); (2) one motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) that is substantially similar to his other motions for compassionate release; and (3) a motion for a reduction in his sentence under Amendment 821 to the United States Sentencing Guidelines (ECF No. 174).  For the reasons explained below, the Court **DENIES** all of Warren's motions.

## I

The Court first addresses Warren's motions for compassionate release under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A) ("Section 3582(c)(1)(A)"). (*See* Mots., ECF Nos. 173, 175, 176.)  In these motions, Warren asks the Court to reduce the overall length of his term of incarceration by adjusting his sentences so that all three of his terms of imprisonment run concurrently. (*See, e.g.*, Mot., ECF No. 175, PageID.971.)

## A

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.* Section 3582(c)(1)(A) describes when a court may grant a reduction in sentence:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). As the United States Court of Appeals for the Sixth Circuit has explained, the compassionate release statute authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons warrant a reduction," (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the factors set forth in 18 U.S.C. § 3553(a), "to the extent applicable," support a reduction. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Sixth Circuit has added that a district court "must

deny a defendant's motion [for compassionate release] if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022) (citing *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021)). *See also United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

**B**

The Court declines to grant Warren's motions because it does not find that the third prerequisite to compassionate release – that the § 3553(a) factors support compassionate release in this case – is met.[1]  At the time of sentencing, the Court concluded that the § 3553(a) factors weighed heavily in favor of imposing Warren's sentence of 200 months.  The Court noted the seriousness of the crimes for which Warren was convicted and sentenced: Hobbs Act robbery and discharging a firearm during and in relation to a crime of violence.  The Court also noted that Warren's commission of these crimes "involved armed drug dealing, shooting another person, and witness tampering." (Sentencing Tr., ECF No. 100, PageID.624.)  The Court

---

[1] The Court is not suggesting Warren has satisfied the other prerequisites to relief under the compassionate release statute.  The Court is simply not reaching those issues as it finds relief is not warranted under the third prerequisite, as explained above. *See United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (finding that a district court may "permissibly assume[] for the sake of argument that extraordinary and compelling circumstances exist[] without reference to the policy statement § 1B1.13" and proceed to weigh the § 3553(a) factors).

4

concluded that "this whole course of conduct certainly ma[de] this among the most serious offenses" that the Court had seen. (*Id.*)  The Court also observed that Warren had a lengthy criminal history and "posed a serious threat to the public" while out of custody. (*Id.*, PageID.626.)  It characterized his past behavior as "essentially a long and uninterrupted history of committing crimes" that included resisting arrest and prior probation and parole violations. (*Id.*)  Finally, the Court noted its concern that Warren had a history of making little effort to obtain employment or an education. All of these factors led the Court to conclude that a lengthy custodial sentence was necessary to achieve the goals of sentencing under § 3553(a). (*See id.*, PageID.625-626.)

The Court's initial assessment of the § 3553(a) factors at sentencing is "presume[d]" to be "an accurate assessment as to whether those factors justify a sentence reduction." *Sherwood*, 986 F.3d at 954.  In light of the Court's initial conclusion that those factors warranted the sentence as it was imposed, it is Warren's burden to "make a compelling case as to why the [Court's] § 3553(a) analysis would be different if conducted today." *Id.*

The Court is not persuaded that Warren has met this burden.  The Court recognizes and appreciates that Warren has made efforts to engage in rehabilitative programming while incarcerated.  However, Warren has not convinced the Court

that those efforts meaningfully change the § 3553(a) calculus here.[2]  Simply put,

Warren's conduct was too serious and the threat he poses to the public too great to

warrant a sentence reduction based upon his rehabilitative efforts.  Accordingly,

Warren's motions for compassionate release (ECF Nos. 173, 175, 176) are

**DENIED**.

## II

The Court next turns to Warren's motion for a reduction in sentence under 18

U.S.C. § 3582(c)(2). (*See* Mot., ECF No. 174.)  In the motion, Warren asks the Court

to reduce his sentence based on Amendment 821 to the United States Sentencing

Guidelines (the "Amendment").  There are two parts to the Amendment – Parts A

and B – and a reduction is not appropriate under either Part.

In Part A of the Amendment, the United States Sentencing Commission

"decrease[d] 'status points' by one point for defendants with seven or more criminal

---

[2] In Warren's most recent motion for compassionate release (ECF No. 176), he argues that "[t]he national average sentence length for a person with [his] history is 96-months, thus rendering his 200-month term of imprisonment a gross disparity from what the 3553(a) sentencing factors and Sentencing Guidelines advise." (Mot., ECF No. 176, PageID.985.)  He does not provide citations for this argument.  To the contrary, during Warren's sentencing the parties agreed that the guideline range for Warren's convictions was 257 to 276 months' imprisonment, with a mandatory minimum sentence of a 180-month term of incarceration. (*See* Sentencing Tr., ECF No. 100, PageID.603-604.)  The Court imposed a below-guidelines sentence.  The Court is therefore not persuaded that Warren's sentence should be reduced on these grounds.

history points and eliminate[d] 'status points' for defendants with six or fewer criminal history points."[3] *United States v. Giles*, No. 05-cr-233, 2024 WL 465932, at *1 (W.D. Mich. Jan. 8, 2024). The Sentencing Commission further declared that Amendment 821 applies retroactively. *See* U.S.S.G. § 1B1.10(e)(2). At the time of his sentencing, Warren was assessed fifteen criminal history points and two "status points" – because he was on probation at the time he was charged with the offense – resulting in a total criminal history point score of seventeen and placing him in criminal history category VI. Warren says that under Part A, he would receive only one status point (rather than two), and he says that he should be resentenced based upon that reduction in his status points. (*See* Mot., ECF No. 174, PageID.967.) The Court disagrees.

The Court declines to reduce Warren's sentence under Part A because reducing his criminal history point score by one status point does not change his overall criminal history category. Reducing Warren's criminal history score by one point results in a total criminal history point score of sixteen, which is still in criminal history category VI. Therefore, Part A of Amendment 821 does not change the

---

[3] "'Status points' are those points that were applied under then United States Sentencing Guideline (U.S.S.G.) § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status." *Giles*, 2024 WL 465932, at *1.

calculation of Warren's sentencing guidelines range and does not support a resentencing here.

Part B of Amendment 821 offers relief to certain defendants who receive zero criminal history points at sentencing.  Warren was assessed fifteen criminal history points at sentencing.  Thus, he is not eligible for a reduction under Part B.

For these reasons, Warren's motion for a sentence reduction under Amendment 821 is **DENIED**.

**III**

Finally, in two of his motions for compassionate release, Warren also seeks appointment of counsel to assist him in advocating for a reduction to his sentence. (*See* Mot., ECF No. 173, PageID.951; Mot., ECF No. 175, PageID.969.)  The Court **DENIES** Warren's request for the appointment of counsel.  The Court has reviewed numerous motions by Warren since he began his term of incarceration and believes that he is able to present and support his arguments without the assistance of counsel. The Court therefore does not believe that the appointment of counsel is necessary or appropriate.  Warren's motions for the appointment of counsel (ECF Nos. 173, 175) are **DENIED**.

**IV**

For the foregoing reasons, the Court **DENIES** Warren's motions for compassionate release (ECF Nos. 173, 175, 176) and for appointment of counsel (ECF Nos. 173, 175) and **DENIES** his motion for a sentence reduction under Amendment 821 (ECF No. 174.)

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 1, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 1, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

9